NYLAG
New York Legal Assistance Group

March 2, 2026

Director of Public Affairs at the Office of Public Affairs
Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Office of the General Counsel
Attn: FOIA Service Center
Executive Office for Immigration Review
5107 Leesburg Pike, Suite 2150
Falls Church, VA 22041
EOIR.FOIARequests@usdoj.gov

*VIA FOIA PUBLIC ACCESS LINK*

*Re: Freedom of Information Act Request for Records Relating to Waivers of Filing Fees for Motions to Reopen*

Dear FOIA Public Liaison Officer:

This request for records is submitted pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, and the Department of Justice's implementing regulations, 28 C.F.R. § 16.1 *et seq*. The New York Legal Assistance Group ("NYLAG") is a non-profit, public interest group, and we seek these records for non-commercial uses. This request is subject to expedited processing, pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

**Records Requests:**

**Request 1:** NYLAG seeks documents, recordings, and communications operative or created, generated, or promulgated between January 1, 2025, and the present relating to whether and how Immigration Judges consider, evaluate, or decide bond requests, including but not limited to the interpretation and application of 8 U.S.C. § 1225, 8 U.S.C. § 1226, 8 C.F.R. § 1003.19, and/or 8 C.F.R. § 1236.1, including but not limited to formal and informal policies, practice and guidance documents, directives, memoranda, practice pointers, instructions, trainings, slides or PowerPoints, manuals, template language or reference material, meeting notes or summaries, meeting agendas. This may include but is not limited to materials governing when bond should be granted and/or denied, the interpretation and/or application of factors, including whether a particular individual or category of individuals is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.

**Request 2:** NYLAG seeks communications sent to, from, or between Immigration Judges between January 1, 2025, and the present relating to whether and how Immigration Judges consider, evaluate, or decide bond requests, including but not limited to the interpretation and application of 8 U.S.C. § 1225, 8 U.S.C. § 1226, 8 C.F.R. § 1003.19, and/or 8 C.F.R.

§ 1236.1, including but not limited to all emails, text messages, internal postings or fora, and chat-based messages, including via Microsoft Teams, Signal, Zoom Transcripts, Telegram, WhatsApp, etc. This may include but is not limited to materials governing when bond should be granted and/or denied, the interpretation and/or application of factors, including whether a particular individual or category of individuals is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.

**Request for Waiver of Fees**: We request a waiver of all fees for this request as it is in the public interest and serves no commercial interest. Disclosure of the requested information to the New York Legal Assistance Group is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of EOIR and Immigration Courts. *See* 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.10(k). Specifically, the requested records will "shed light on the operations" of the process by which immigration judges consider or determine requests for bond. *See* 28 C.F.R. § 16.10(k)(2)(i). Disclosure of the requested records will be "meaningfully informative" as no other similar records have already been made public. *See id.* § 16.10(k)(2)(ii)(A).

NYLAG serves numerous low-income clients with ongoing proceedings in New York City Immigration Courts, and is a member of several listservs, advocacy groups and collaboratives that include other legal services organizations that likewise serve clients in New York City Immigration Courts. We seek this information specifically to inform the public, including individuals in Immigration Court proceedings, immigration advocates, and policymakers about the existing procedures relating to bond hearings. NYLAG plans to disseminate the records to the other members of the listservs, advocacy groups, and collaboratives of which we are a member. Further, the response to this request will inform our representation of our own low-income clients and will disseminate this information to other organizations that represent low-income clients. There is thus a "reasonably broad audience of persons" interested in the subject matter of the request. *Id.* § 16.10(k)(2)(ii)(B). Additionally, NYLAG and its advocacy partners will disseminate information to the public through their website(s) and/or by the production of special reports.

Because NYLAG is a nonprofit organization dedicated to free legal services to low-income New Yorkers, this request will serve no commercial interest. *See* 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.10(k)(2)(iii).

Should you deny this waiver request, we are willing to pay fees up to a maximum of $25. If you estimate that the fees will exceed this limit, please advise me of the costs before proceeding. *See* 28 C.F.R. § 16.10(e)(1).

**Expedited Information:** This request is subject to expedited processing, pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e). First, there is a compelling need to release this information as a lack of clarity relating to the process for consideration and determination of bond requests perpetuates unlawful detentions, which in turn can reasonably be expected to deprive individuals who are detained of physical safety and pose an imminent threat to life. *See, e.g.*, Maanvi Singh, Coral Murphy Marcos, and Charlotte Simmonds, *2025 was ICE's Deadliest*

*Year in Two Decades. Here are the 32 People who Died in Custody*, THE GUARDIAN (Jan. 4, 2026), https://www.theguardian.com/us-news/ng-interactive/2026/jan/04/ice-2025-deaths-timeline; 5 U.S.C. § 552(a)(6)(E)(v)(I); 28 C.F.R. § 16.5(e)(1)(i). Second, continued unlawful detention and the failure to provide for or properly consider bond requests result in the deprivation of substantial due process rights—accordingly, the failure to release records relating to this practice contributes to a "loss of substantial due process rights." 28 C.F.R. § 16.5(e)(1)(iii). Finally, the subject of this request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). There is a "particular urgency to inform the public about the government activity involved in this request," and as an example, there are "numerous articles," which demonstrate an urgency to inform the public. 28 C.F.R. § 16.5(e)(3).[1] Pursuant to 28 C.F.R. § 16.5(e)(2), this request has also been submitted to the Director of Public Affairs at the Office of Public Affairs, Department of Justice, 950 Pennsylvania Avenue NW., Washington, DC 20530-0001.

***

We look forward to receiving a determination pursuant to this request within twenty business days, as required by 5 U.S.C. § 552(a)(6)(A)(i). Please also inform us on a rolling basis of the existence of any records responsive to any request as you identify them, regardless of whether additional records responsive to that or other requests may be identified in the future. It is our strong preference to accept records in electronic format. Records can be emailed or otherwise provided to kfetrow@nylag.org. Alternatively, if records need to be provided in hard copy, they can be mailed to the following address:

New York Legal Assistance Group
ATTN: Kate Fetrow
Special Litigation Unit
New York Legal Assistance Group
100 Pearl Street, 19th Floor
New York, NY 10004

If for any reason any request is denied, please inform me of the reason(s) for the denial in writing. Thank you very much for your assistance.

I hereby certify that the foregoing is true and accurate, to the best of my knowledge.

Sincerely,

/s/Kate Fetrow
Kate Fetrow

---

[1] *See, e.g.*, Nate Raymond, *Top US Immigration Judge Says Bond Hearings Should be Denied Despite Court Rulings, Documents Show*, REUTERS (Jan. 16, 2026), https://www.reuters.com/legal/government/top-us-immigration-judge-says-bond-hearings-should-be-denied-despite-court-2026-01-16/; Brittany McGee, *Columbus Federal Judge Hears Complaint of Systematically Denied Bonds for Immigrants*, LEDGER-ENQUIRER (Feb. 25, 2026), https://www.ledger-enquirer.com/news/politics-government/article314834377.html; Mattathias Schwartz, *Judge Condemns 'Terror Against Noncitizens' and Orders Hearings for Detainees*, THE N.Y. TIMES (Feb. 19, 2026), https://www.nytimes.com/2026/02/19/us/politics/judge-immigrants-notice-lawsuits.html.

New York Legal Assistance Group
100 Pearl Street, 19th Floor
New York, NY 10004
Telephone: 212.613.6510
Email: kfetrow@nylag.org