NYLAG
New York Legal Assistance Group

October 22, 2026

The Honorable Dale E. Ho
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *NYLAG v. Executive Office for Immigration Review,* 26 Civ. 3892 (DEH)**

Dear Judge Ho,

Plaintiff, the New York Legal Assistance Group ("NYLAG"), writes jointly with Defendant Executive Office for Immigration Review ("EOIR") in advance of the Parties' pre-trial conference scheduled for October 27, 2026. The Parties previously conferred and submitted a joint letter (Dkt. No. 12) addressing the information requested in the Court's Notice of Initial Pretrial Conference (Dkt. No. 6). We write to supplement this initial letter and to provide updates on the progress of this litigation.

The Parties met and conferred by video conference in June 2026 to discuss EOIR's search for records. During this meeting, the Parties agreed that EOIR's initial search would focus on records and custodians pertaining to the New York, New Jersey, Virginia, and Maryland immigration courts, and would include searches based on agreed-upon keywords. NYLAG clarified that it was not waiving any aspect of its broader request and explained that it viewed the initial search as a test—in the interest of efficiency, and given EOIR's expressed concerns about the scope of a national search in the first instance—to identify relevant keywords and custodians for a broader, national search. The Parties dispute whether EOIR agreed to this approach during initial discussions. In July 2026, EOIR indicated that it viewed national searches as inappropriate, and the Parties agreed to address this dispute after initial productions were completed.

EOIR committed to producing training materials for immigration judges, including a set of September 2026 training materials. NYLAG also expressed concern about the extensive use of redactions under 5 U.S.C. § 552(b)(5) and requested that EOIR produce an informal guide as to the types of documents and communications that are being redacted in full.

On September 9, 2026, EOIR made a Second Interim Production of 295 pages of records. In the accompanying letter, EOIR stated that it had closed the portion of NYLAG's FOIA request seeking "communications to, from, or between Immigration Judges pertaining to how Immigration Judges consider, evaluate, or decide bond requests[.]" NYLAG's position is that this statement contradicts the Parties' prior agreement to conduct smaller, regional searches followed by a broader, national search. EOIR disputes that the Parties had agreed on any subsequent searches. According to EOIR, the Parties had agreed to revisit the issue precisely because they were unable to reach any resolution.

NYLAG has reviewed the interim productions that EOIR has produced to-date and

requested a meeting to discuss follow-up questions. EOIR replied by email that the September 2026 training materials are awaiting approval for final release but did not commit to producing those records by any date certain. EOIR further represented that there are no further records presently awaiting release.

Outstanding or disputed issues for discussion at the pre-trial conference include:

- The status of the agency's search for records, including referrals;
- Whether a nationwide search is necessary, and if so, establishing a timeline;
- Setting a production deadline for the September 2026 training materials;
- Re-opening the portion of NYLAG's request that seeks "communications to, from, or between Immigration Judges pertaining to how Immigration Judges consider, evaluate, or decide bond requests";
- The scope of agency redactions, including NYLAG's request that EOIR provide an informal guide as to the types of documents that are being withheld in full; and
- Follow-up questions regarding the scope of the initial search, arising out of NYLAG's review of the September 2026 production and which NYLAG has not yet had an opportunity to raise with EOIR.

Given the outstanding questions regarding production, the Parties do not intend to proceed directly to briefing at this juncture.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Alexandra Zaretsky*
Alexandra Zaretsky
Danielle Tarantolo
Shannon Lee *(admission pending)*
New York Legal Assistance Group
*Counsel for Plaintiff*